Filed 4/7/16  Malkenhorst v. City of Vernon CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| BRUCE V. MALKENHORST, | B258793 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC516321) |
| v. | |
| CITY OF VERNON, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Steven J. Kleifield, Judge.  Affirmed.

Law Offices of John Michael Jensen and John Michael Jensen, for Plaintiff and Appellant.

Liebert Cassidy Whitmore, Steven M. Berliner, Joung H. Yim and Alex Polishuk, for Defendant and Respondent.

_____

Bruce Malkenhorst sued his former employer, the City of Vernon (hereafter, the City). Malkenhorst's pleading attempted to allege that the City entered into a direct contract with him requiring the City itself to pay him a retirement pension of $40,000 each month. The trial court entered a judgment of dismissal in favor of the City after sustaining a demurrer without leave to amend. We affirm the judgment.

## FACTS

As always when reviewing a judgment on demurrer, we accept as true all properly alleged facts in the operative pleading, and treat the demurrer as admitting those facts, but do not accept contentions, deductions or conclusions of law as necessarily true. (*Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 6.) Read in the light of this standard of review, the operative pleading involved here, Malkenhorst's first amended complaint (FAC), alleged the following facts.

The City employed Malkenhorst as an assistant city clerk and finance director, a city clerk and finance director, and a city administrator. Malkenhorst worked for the City from September 1975 until his retirement on June 30, 2005. At the time of his retirement, his salary, including "longevity pay," totaled $44,127.50 per month.

Upon Malkenhorst's retirement, he began receiving a pension in the amount of approximately $40,000 per month, with the payments administered through the California Public Employees' Retirement System (CalPERS). These pension payments to Malkenhorst conformed with a series of express and implied promises made by the City to Malkenhorst at various times and in various contexts during the parties' employment relationship to the effect that the City itself would pay him a pension of $40,000 per month. Malkenhorst had decided to keep working for the City in exchange for its promises that it would pay him a pension of $40,000 per month.[1]

_____

[1] Malkenhorst's allegation in the text of his FAC regarding the existence of a binding contract for a $40,000 per month pension paid by the City—which may be accurately described as a generalized contention or legal conclusion—was supported by reference to more than two dozen exhibits attached to the pleading. Those exhibits are in the form of various documents, including among others, employee salary resolutions adopted by the City through its city council, internal memoranda to and from different

2

During 2005, CalPERS "raised issues about how much CalPERS [should] pay to Malkenhorst . . . ." Specifically, CalPERS sent a letter to the City in mid-2005 questioning the longevity pay that it had recited as being part of Malkenhorst's final compensation for purposes of calculating his pension payment administered through CalPERS. The City's lawyers at that time (the law firm of Loeb & Loeb) thereafter exchanged a series of "appeal" letters with CalPERS concerning the longevity pay issue. In November 2006, CalPERS sent a letter to Malkenhorst in which it advised him that it had determined that his monthly pension payment would be in the amount of $40,022.66.

At some point in time around 2012, CalPERS revisited the issue of the amount of Malkenhorst's pension payments, and gave indications that it was examining whether it should re-calculate his pension payments in accord with the Public Employees' Pension Law (PERL; Gov. Code, § 20000 et seq.). Malkenhorst responded by filing a complaint against CalPERS in 2012 in the Orange County Superior Court. In his 2012 litigation, Malkenhorst sought declaratory and injunctive relief and a writ of traditional mandate (see Code Civ. Proc., § 1085) challenging CalPERS's then-pending contemplations as to whether it could re-calculate his pension under the PERL. CalPERS filed a demurrer in which it argued that the trial court lacked jurisdiction to adjudicate Malkenhorst's case because he had not exhausted his available administrative remedy afforded within the CalPERS system for challenging an adverse pension determination. The trial court sustained CalPERS's demurrer without leave to amend and entered a judgment of dismissal in favor of the retirement system. Malkenhorst then pursued an appeal. Division Three of the Fourth Appellate District affirmed the judgment of dismissal in CalPERS's favor. (See *Malkenhorst v. California Public Employees' Retirement System* (Apr. 23, 2014, G047959) [nonpub. opn.], rev. denied Oct. 23, 2014, (S214045).)

---

City officials, and copies of minutes of city council meetings. Malkenhorst's exhibits are discussed further below in this opinion.

Meanwhile, in September 2013, Malkenhorst filed a separate action against the City for breach of contract and related causes of action. It is this action which gives rise to Malkenhorst's current appeal. Malkenhorst's allegations against the City are discussed more fully below in addressing his claims in his current appeal that his FAC alleged sufficient facts to state a cause of action.

On April 1, 2014, CalPERS determined the long-reviewed issue of the proper amount of Malkenhorst's monthly pension payment, and reduced his monthly pension payment to $9,800. Malkenhorst promptly commenced an administrative appeal within CalPERS to challenge its decision to reduce his monthly pension amount. At the time of the ruling on the City's demurrer to Malkenhorst's FAC in this case, his CalPERS administrative appeal proceeding had not yet been finally concluded.[2]

In May 2014, Malkenhorst filed his FAC against the City which is at issue in his current appeal. The FAC alleged 12 causes of action, listed respectively as follows: breach of express contract; breach of implied contract; promissory estoppel; violation of due process as guaranteed by the United States Constitution; violation of due process as

---

[2]    The CalPERS administrative appeal proceedings are still not finally concluded. While his current appeal from the ruling on the City's demurrer to his FAC was pending in our court, Malkenhorst filed two separate requests for judicial notice related to the CalPERS administrative appeal proceedings. We hereby grant his requests for judicial notice. The materials so noticed show that Malkenhorst initiated a CalPERS appeal to challenge the decision to reduce his pension. Further, that CalPERS issued a decision in December 2015 providing that CalPERS is presently and properly paying a pension to Malkenhorst based on a calculated "final compensation" of $9,450 per month, rather than the previously calculated "final compensation" of $44,128 per month. CalPERS's decision included a provision that the retirement system "may recoup the overpayments arising from this erroneous final compensation." The judicially noticed materials also show that Malkenhorst has filed a petition for writ of administrative mandamus in the trial court (see Code Civ. Proc., § 1094.5) to challenge CalPERS's administrative appeal decision. Within Malkenhorst's administrative writ case in the trial court, CalPERS has filed a cross-claim to recoup approximately $3.4 million in alleged overpayments based on the error in calculating his final compensation. An agency's administrative decision is not "final" for purposes of the exhaustion doctrine prior to the determination of a suit to review the decision by a writ of administrative mandate. (See, e.g., *Edgren v. Regents of University of California* (1984) 158 Cal.App.3d 515, 523.)

4

guaranteed by the California Constitution; impairment of contract in violation of Article 1, section 10 of the United States Constitution; impairment of contract in violation of Article I, section 9 of the California Constitution; impairment of implied contract in violation of Article I, section 9 of the California Constitution; violation of the California Pension Protection Act (Cal. Const., Art. XVI, § 17); violation of Labor Code section 2800 et seq., including section 2802; equitable estoppel; and for an award of attorney's fees and costs pursuant to Code of Civil Procedure section 1021.5 for protecting important rights affecting the public interest.

The following alleged facts and legal contentions underpin all of Malkenhorst's causes of action: (1) the City is a charter city under the California Constitution; (2) as a charter city, the City has been given the constitutional authority to control its municipal affairs as it sees fit, including setting salary and pension benefits for its employees; (3) the City's charter authority in matters of salary and pension benefits for its employees exists independent of the PERL and CalPERS; (4) separate and apart from what CalPERS has done, or is doing, or will do with respect to Malkenhorst's monthly pension payment amount under the PERL, the City made contractual and equitably enforceable promises to Malkenhorst during their employer-employee relationship to pay him a pension in the amount of $40,000 per month; (5) the City's contract obligation or promises as to Malkenhorst's pension exist and are enforceable independent of, and or in addition to, the provisions of the PERL; and (6) if and when CalPERS's makes a final decision to reduce Malkenhort's pension, the City is contractually or equitably bound to make up the difference between the amount fixed by CalPERS and the $40,000 per month promised to him by the City.

The City filed a demurrer to Malkenhorst's FAC in its entirety. The City's demurrer may be viewed as interposing a challenge to the FAC both in the form of a "general demurrer," that is, an assertion that certain of Malkenhorst's causes of action failed to allege facts stating the cause of action, and a series of "special demurrers," that is, assertions that Malkenhorst's pleading failed to allege any claim allowing for relief for certain specified reasons. The demurrer argued that the trial court "lack[ed] jurisdiction"

5

to adjudicate Malkenhorst's case because he had been convicted in May 2011 of a felony for conduct arising out of the performance of his official duties. As to this ground, the City argued that Malkenhorst was disqualified from receiving any public pension by Government Code section 53244, enacted in 2013. The City requested judicial notice of a minute order from a criminal case file, which showed that Malkenhorst had been convicted of the offense of embezzlement and falsification of accounts by a public official in violation of Penal Code section 424.

The City also argued that the court "lack[ed] jurisdiction" to adjudicate Malkenhorst's case because he had not yet exhausted his administrative remedies before CalPERS. Here, the City essentially argued that Malkenhorst's action was premature as there had been no final administrative determination of the amount of pension he would receive through CalPERS.

Further, the City argued that Malkenhorst failed to state a cause of action for an independently existing pension right against the City because his claims to pension benefits were exclusively governed by the PERL; that his allegations or, more specifically, his exhibits to his FAC failed to show the existence of any express or implied promise by the City to pay him a pension independent of CalPERS and the PERL; and that any such pension promise would in any event be unenforceable as a matter of law because the promise would conflict with state law and the City's ordinances governing employee pensions.

Malkenhorst filed an opposition to the City's demurrer. He argued that although Government Code section 53244 included language making its pension forfeiture provisions retroactive, the statute could not be applied to him without resulting in a retroactive seizure of a property right in violation of the California Constitution, Article I, section 9, and a denial of his due process rights under the California Constitution, Article I, section 7. Further, he argued that his contract causes of action were not "preempted" by the PERL because the City had "charter city autonomy" to make its own salary and pension decisions independent of the PERL. In addition, he claimed he adequately pleaded the terms of the contract promise he sought to enforce. Finally, he argued that

6

exhaustion of administrative remedies was not required because his alleged causes of action against the City fell outside the purview of the PERL and CalPERS.

The court sustained the City's demurrer based on the exhaustion of administrative remedy ground argued by the City. As stated in the court's ruling:

> "Before the Court can adjudicate [the parties'] dispute, the administrative remedy must be exhausted. . . . Presumably, [Malkenhorst] will raise constitutional and charter issues in [the CalPERS] administrative proceeding. Until that administrative proceeding has concluded, this Court does not have jurisdiction to adjudicate this dispute."

The trial court acknowledged the City's demurrer based on Government Code section 53244 by noting that Malkenhorst had taken the position that retroactive application of the statute "would be unconstitutional on a variety of grounds." In congruence with its ruling on the exhaustion of administrative remedies noted above, the court that the question of whether Malkenhorst had a contractual, common law or statutory pension claim against the City which might be subject to forfeiture under the Government Code was an issue that "must await the conclusion of the administrative process." For this reason, the court expressly stated that it would not "reach the constitutionality of the statute." The court did not expressly rule on the City's demurrer to the extent it argued that Malkenhorst had failed to allege facts stating a cause of action. In other words, that he had failed to allege facts showing the existence of a pension contract directly with the City, and or failed to allege facts showing a legally enforceable contract.

On November 3, 2014, the trial court entered a judgment of dismissal based on its ruling on the City's demurrer.

Malkenhorst filed a timely notice of appeal.

7

## I. The Standard of Review

A demurrer tests only the legal sufficiency of a pleading, and the overriding question involved is whether the challenged pleading alleges facts stating a cause of action. (*Committee on Children's Television, Inc. v. General Foods Corp.* (1983) 35 Cal.3d 197, 213.) An order sustaining a demurrer is reviewed on appeal under a de novo standard; the reviewing court examines the challenged pleading to determine whether it alleges sufficient facts to state a cause of action, such facts being assumed true for this purpose. (*McCall v. PacifiCare of Cal., Inc.* (2001) 25 Cal.4th 412, 415.) A trial court's judgment based on an order sustaining a demurrer "must be affirmed 'if any one of the several grounds of demurrer is well taken. . . .'" (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 966-967.)

## II. The Exhaustion Requirement Prevents Judicial Consideration of the Dispute

Assuming we were satisfied that the myriad documents attached to Malkenhorst's FAC showed the existence of a contract directly with the City that assured him a $40,000 per month pension, independent of any matter ultimately decided through his CalPERS administrative appeal proceedings, we agree with the trial court that he must first exhaust his administrative remedies in the CalPERS's appeal proceedings before he may bring an action against the City. "In general, a party must exhaust administrative remedies before resorting to the courts. [Citations.] Under this rule, an administrative remedy is exhausted only upon 'termination of all available, nonduplicative administrative review procedures.'" [Citations.] (*Coachella Valley Mosquito & Vector Control Dist. v. California Public Employment Relations Bd.* (2005) 35 Cal.4th 1072, 1080 (*Coachella Valley*).)

"'The exhaustion doctrine is principally grounded on concerns favoring administrative autonomy (i.e., courts should not interfere with an agency determination until the agency has reached a final decision) and judicial efficiency (i.e., overworked courts should decline to intervene in an administrative dispute unless absolutely necessary).' [Citations.] The exhaustion requirement applies to defenses as well as to

claims for affirmative relief [citations], and we have described exhaustion of administrative remedies as 'a jurisdictional prerequisite to resort to the courts' [citations]." (*Coachella Valley, supra,* 35 Cal.4th at p. 1080.)

We find unpersuasive Malkenhorst's arguments that his current action involves claims against the City that are divorced from any administrative action that will be taken through his CalPERS administrative appeal proceedings. As the trial court correctly noted, no meaningful relief can be granted to Malkenhorst in his current court action directly against the City until after a final decision in the CalPERS's appeal proceedings. For a start, the strongest factor compelling exhaustion prior to allowing Malkenhorst to pursue a court case is simply that, if he wins in his CalPERS's appeal proceedings, and his $40,000 per month pension is reinstated, then his current action against the City can provide him with no meaningful relief. Precious court resources should not be expended in adjudicating Malkenhorst's claims in his current court case until the framework for adjudicating those claims is fixed by a decision on his pension in his CalPERS's appeal proceedings. (*Public Employment Relations Bd. v. Superior Court* (1993) 13 Cal.App.4th 1816, 1829 [when an administrative proceeding "involves no unusual expenses and when the agency's specialized understanding contributes to a proper determination, a requirement of exhaustion is desirable."]; see also *Westlake Community Hospital v. Superior Court* (1976) 17 Cal.3d 465, 476 [the exhaustion of administrative remedies requirement serves the salutary function of potentially eliminating or mitigating damages].)

Malkenhorst's argument that he is excused from the exhaustion requirement in his current court case because litigating his CalPERS's administrative appeal proceeding to its conclusion would be "futile" is not supported by the record on appeal. The futility exception to exhaustion requires that the party invoking the exception ""'"can positively state""'" that the agency in question has prejudged a particular dispute. (See *Coachella Valley, supra*, 35 Cal.4th at pp. 1080-1081.) Malkenhorst's operative FAC, in paragraph 59, alleges that he "exhausted any administrative remedy before CalPERS in 2005-2006." This allegation is not sufficient to invoke the futility exception because it conflicts with

9

the allegations set forth in paragraph 43 of his FAC that CalPERS reduced his pension from approximately $45,000 to approximately $9,800 in April 2014, and where his FAC otherwise shows that his direct claim against the City to "make-up" the difference (see FAC, paragraph 35) arises as a result of CalPERS's decision in April 2014. Further, we see no allegation in Malkenhorst's FAC to the effect that a challenge litigated by way of his CalPERS's administrative appeal from the agency's decision in April 2014 would be futile because CalPERS has already prejudged the issues, as have the courts that would here his petition for writ of administrative review of CalPERS's decision.

For all the reasons stated above, we affirm the trial court's order sustaining the City's demurrer on the ground that Malkenhorst has not exhausted his administrative remedy in his CalPERS's appeal proceedings.

## III. An Enforceable Contract

Although the exhaustion of administrative remedies doctrine bars judicial review of the dispute between Malkenhorst and the City for now, we note that, as "background" to his arguments regarding exhaustion, Malkenhorst has argued in his opening brief on appeal that the City is vested with independent powers to make contracts to pay "deferred compensation" to employees. Further, he argues that his FAC alleges sufficient facts to show that the City exercised its independent power to pay him such compensation in the form of a direct contract with him for a $40,000 per month pension.

Our ruling on the exhaustion issue should not be construed to mean that we endorse Malkenhorst's arguments that he sufficiently alleged the existence of the direct contract with the City that he seeks to enforce. As we noted above, Malkenhorst's FAC generally alleged that the City expressly and or impliedly promised him certain pension benefits. He then attached more than 500 pages of exhibits to his pleading to substantiate the allegation that those promises were expressly or impliedly made. We have looked at all 500 plus pages of exhibits and do not see any document showing an express promise, or suggesting an implied promise, of a direct contract between the City and Malkenhorst for the City-paid pension which he claims was promised to him. The exhibits show decisions made by the City regarding employee salaries, decisions regarding employee

10

pensions to be administered through CalPERS, and the like.  We see no document that says something to the following effect —"The City promises itself to pay Malkenhorst a monthly pension of $40,000" — attached to Malkenhorst's FAC.  At oral argument, we asked Malkenhorst's counsel to point us to any document showing the existence of the promises that Malkenhorst alleges were made to him for a pension contract directly with the City that was personal to him, and we received no satisfactory answer.

## DISPOSITION

The judgment of dismissal based on the City's demurrer to Malkenhorst's FAC is affirmed.  Respondent is awarded costs on appeal.


BIGELOW, P.J.

We concur:


FLIER, J.


GRIMES, J


11